[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 10 August 1990 Date of Application 14 August 1990 Date Application Filed 24 August 1990 Date of Decision 25 January 1994
Application for review of sentence imposed by the Superior Court Judicial District of Waterbury, at Waterbury. Docket No. CR4-163120.
Alan P. McWhirter, Esq. for the Petitioner.
Corinne L. Klatt, Esq. Assistant State's Attorney for the State.
BY THE DIVISION
The petitioner was convicted after a trial by jury of Manslaughter First a violation of Connecticut General Statute53a-55. He was sentenced by the trial court to a term of twenty years to serve.
The record shows the victim, who was sitting behind the steering wheel of his car, was fatally shot in the neck by the petitioner with a large handgun.
At the hearing counsel for the petitioner argued that his client was not given an opportunity to plead to a lesser crime and that he was originally charged with the crime of murder. It was counsels position that since the jury found his client innocent to the charge of murder that the court, being human, may have imposed the maximum sentence figuring that the jury had already reduced the charges by not finding the petitioner guilty of the more serious charge of murder. He further argued that the courts perspective of the factual basis was grounded within the murder and that the court was exhibiting its disappointment of the reduction of charge by giving the maximum allowed by law on the Manslaughter conviction. Counsel noted that contrary to many the petitioner took full responsibility for the death of the victim, did not blame the victim nor his upbringing for his criminal acts. It was counsel position that the petitioner should have been given a lesser sentence.
The petitioner when he addressed the panel accepted full responsibility for his acts, indicating that it was a learning experience. He asked for a reduction of sentence to be united with his family, especially his two children.
The attorney for the state noted that the petitioner used a 357 magnum to commit this brutal slaying. She stated that the petitioner was convicted under the reckless section of the manslaughter statute, and the records shows that the trial judge properly took into consideration the petitioner's criminal history. She urged this panel to affirm the courts sentence arguing that it was fair and not inappropriate for the crime the petitioner was convicted of. CT Page 1783
In reviewing the remarks of the sentencing judge he noted the petitioner's criminal record and remarked that it did have prior indications of violent criminal behavior. The petitioner's conduct of imposing a death in such a cold and vicious manner merits consideration by the trial judge of a sentence in the maximum range of sentencing options. The sentence imposed here was not inappropriate or disproportionate in light of the offense, the character of the petitioner, his criminal history and the need to protect the public.
THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in the hearing.